986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lewis Steven AMOS, Plaintiff-Appellant,
v.
U.S. WEST COMMUNICATIONS, Network Services, Operation
Services, Defendant-Appellee.
 No. 92-1210.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals pro se from the judgment of the United States District Court for the District of Colorado, which rejected his Title VII claim against Defendant, his former employer, after a two-day bench trial at which Plaintiff was represented by counsel. We affirm.
 
 
 3
 * On January 1, 1990, Plaintiff was involved in an ugly racial incident with a co-worker during which she called him a "f---ing nigger." Plaintiff admits that during this incident he called her a "degenerate ho," i.e. a whore. (R.Supp. vol. I at 102-03.) After this incident, Plaintiff, an African-American male, was fired, while the co-worker, a white woman, was not. Plaintiff subsequently brought this action.
 
 
 4
 The trial court explicitly found that Plaintiff was a victim of racial animus on the part of his co-worker. However, it was correct in pointing out that the issue in this case is not a racial bias on the part of the co-worker, but rather racial bias on the part of the management in imposing disparate punishments on Plaintiff and his adversary.
 
 
 5
 The trial court found that the managers who fired Plaintiff were not motivated by racial bias. Under Federal Rule of Civil Procedure 52(a), we may only reverse if that finding is "clearly erroneous." We conclude that it is not.
 
 
 6
 The trial court noted that Plaintiff did not enter this incident with a clean employment record. Rather, he had been involved in a series of disputes with co-workers beginning in 1986. At the time of the altercation on January 1, 1990, he was under a "warning of dismissal," under which one further incident could result in his dismissal. Under these circumstances, the trial court found that the dismissal was not racially motivated. Because all of these contentions find support in the record, we must affirm the district court.
 
 
 7
 Plaintiff argues that in so ruling, the trial judge ignored Defendant's pattern of condoning racial harassment in the workplace. The record does not support this argument. The co-worker who used such hateful language towards Plaintiff did not escape discipline. Rather, the testimony, undisputed by Plaintiff, shows that despite having no record of prior office altercations, Defendant suspended the co-worker without pay during the investigation of the incident, placed a reprimand in her permanent record, required her to attend an Equal Employment Opportunity class, and placed her under a warning of dismissal for one year. This was the severest punishment which Defendant could impose short of dismissal.
 
 
 8
 Plaintiff also argues that his disciplinary record did not form a non-invidious justification for the more severe punishment he received, because he claims that his record resulted from a pattern of one-sided investigations by management into the various incidents. However, the trial court found that Plaintiff was employed under a collective bargaining agreement which contained provisions allowing Plaintiff to file grievances regarding any disciplinary actions taken against him. There is no evidence that Plaintiff had successfully challenged any of these disciplinary actions through the grievance process. Under the circumstances, the trial court was justified, stating that Defendant "was entitled to rely on [the record of the prior altercations] as being documented incidents whether they were fairly documented or not." (R. vol. II at 338.) The trial court's conclusion that Plaintiff's disciplinary record was "a valid justification for treating these employees differently," (id.), is not clearly erroneous.
 
 II
 
 9
 Plaintiff also appeals from the district court's dismissal of his claims under 42 U.S.C.A. § 1981 (Supp.1992) and 42 U.S.C. § 1983 (1988). We find no reversible error.
 
 
 10
 Plaintiff is correct in asserting that § 1981, as well as Title VII, is a proper statute for bringing claims of post-hire racial discrimination. While § 1981 was briefly interpreted as not covering actions such as this, see Patterson v. McLean Credit Union, 491 U.S. 164, 179-80 (1989), the original understanding of § 1981 was restored by the Civil Rights Act of 1991, § 101, Pub.L. No. 102-166 (codified as amended at 42 U.S.C.A. § 1981(b), (c) (Supp.1992)). See H.R.Rep. No. 102-40(I), 102d Cong., 1st Sess. 18 (1991), reprinted in 1991 U.S.C.C.A.N. 549, 556. There is a substantial question as to whether the Civil Rights Act of 1991 applies to this case, because both the events in question and the filing of the present suit occurred prior to its enactment on November 21, 1991. However, we need not reach that issue because Plaintiff's § 1981 claim, like his Title VII claim, requires a showing that Defendant acted in a racially discriminatory manner. The trial court found that Defendant did not. The dismissal of Plaintiff's claim under § 1981 therefore had no effect on the outcome of this case.
 
 
 11
 Section 1983 is inapplicable to this case, as it only applies to deprivations of rights under color of state law. While Defendant is a regulated utility, it is not considered a state actor in situations that are not closely related to subjects that the state regulates. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350-51 (1974). Because employee discipline is not a subject that the state regulates, Defendant is not a state actor for purposes of this suit.
 
 III
 
 12
 Finally, plaintiff argues that he was prejudiced by not having the testimony of Merle P. Rowland, another employee of Defendant who apparently was Plaintiff's supervisor. We find no reversible error.
 
 
 13
 While Plaintiff appears pro se in this appeal, he was represented at trial by counsel. As such, he is answerable to normal procedural requirements from the trial. While Mr. Rowland is mentioned at several points in the testimony, he is not mentioned by Plaintiff in his proposed findings of fact or conclusions of law nor in Plaintiff's opening statement. His name does not appear on Plaintiff's pre-trial witness list. We have found no indication in the record that Plaintiff ever attempted to call Mr. Rowland. Plaintiff therefore may not argue that the absence of his testimony constituted reversible error.
 
 IV
 
 14
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3